

FILED

SEP 1 9 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DARNELL EMERSON WASHINGTON,  :
                                         :
           Plaintiff,              :
                                           :
           v.                   :
                                         :
THE ELECTRONIC PRIVACY       :
INFORMATION CENTER,         :
                                         :
           Defendant.            :

Case: 1:16–cv–01866
Assigned To : Unassigned
Assign. Date : 9/19/2016
Description: Pro Se Gen. Civil (F Deck)

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint.  The Court will grant the application, and dismiss the complaint with prejudice as frivolous.

Plaintiff alleges that defendant has implanted a microchip in his body without his consent.  *See* Compl. at 1.  By means of the microchip, plaintiff alleges, defendant subjects him to "electrical hazards, MRI incompatibility, adverse tissue reaction, and migration of the implanted transponder."  *Id.*[1]  He demands no particular relief.

The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where

---

[1] This is not plaintiff's first lawsuit arising from the alleged implantation of a microchip.  *See Washington v. Standzel*, No. CV 16-2194, 2016 WL 4204484, at *1 (C.D. Cal. Apr. 5, 2016), *reconsideration denied sub nom. Washington v. Elec. Privacy Info Ctr.*, No. LACV1602194, 2016 WL 4009829 (C.D. Cal. July 1, 2016).

4

it lacks an arguable basis either in law or in fact.").  Having reviewed the complaint, the Court

concludes that what factual contentions are identifiable are baseless and wholly incredible.

Furthermore, the allegations of the complaint "constitute the sort of patently insubstantial

claims" that deprive the Court of subject matter jurisdiction.  *Tooley v. Napolitano*, 586 F.3d

1006, 1010 (D.C. Cir. 2009).  Therefore, the Court will grant the plaintiff's application to

proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) as frivolous.  An Order consistent with this Memorandum Opinion is issued

separately.


DATE: 9/15/16

_____
United States District Judge
J. Boasberg